IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD D. HOLLIS,

       Plaintiff,           No. CIV S-08-1825 GGH P

   vs.

E. TELL,

       Defendant.        ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983.  On August 6, 2008, this action was removed to this court from the Sacramento County Superior Court.  The court now screens the complaint.  28 U.S.C. § 1915(b)(1).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

/////

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The only named defendant is E. Tell. Plaintiff alleges that after he was placed in administrative segregation, some of his personal property was stolen from his cell. Plaintiff alleges that defendant Tell was responsible for his property while he was in administrative segregation and should have removed the property from the cell. Plaintiff alleges violations of the Fourteenth Amendment and state law.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

/////

2

1    In the instant case, plaintiff has not alleged any facts which suggest that the

2   deprivation was authorized.  Plaintiff does not allege, for example, that his property was

3   confiscated pursuant to a policy.  The California Legislature has provided a remedy for tort

4   claims against public officials in the California Government Code, §§ 900, et seq.   Accordingly,

5   the court concludes that this claim must, therefore, be dismissed as legally frivolous.  See 28

6   U.S.C. § 1915(d).

7    Plaintiff will be granted an opportunity to file an amended complaint although it is

8   doubtful that he can cure the pleading defects discussed above.

9    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

10   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

11   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

12   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

13   there is some affirmative link or connection between a defendant's actions and the claimed

14   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

15   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

16   allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

17   of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

19   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

20   amended complaint be complete in itself without reference to any prior pleading.  This is

21   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

22   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

23   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

24   original complaint, each claim and the involvement of each defendant must be sufficiently

25   alleged.

26

1    In accordance with the above, IT IS HEREBY ORDERED that the complaint is

2  dismissed for the reasons discussed above, with leave to file an amended complaint within thirty

3  days from the date of service of this order.  Failure to file an amended complaint will result in a

4  recommendation that the action be dismissed.

5  DATED:  09/10/08

6                                                                    /s/ Gregory G. Hollows
                                                          _____
7                                                         UNITED STATES MAGISTRATE JUDGE

8  hollis.ame

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26